# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL KEVIN PRO, | : | PRISONER CIVIL RIGHTS |
|     Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| LT. BANDY, et al., | : | CIVIL ACTION NO. |
|     Defendants. | : | 2:08-CV-0175-RWS |

## **ORDER**

Plaintiff, Michael Kevin Pro, an inmate at the Hall County Detention Center in Gainesville, Georgia, seeks leave to file this civil rights action without prepayment of the $350.00 filing fee, other fees, or security therefor, pursuant to 28 U.S.C. § 1915. (Doc. No. 2.) For the purpose of dismissal, Plaintiff is **GRANTED** in forma pauperis status, and the matter is now before the Court for screening under 28 U.S.C. § 1915A and on Plaintiff's motions (1) to inspect entries in log books for Hall County Detention Center (Doc. No. 5), to add to statement of claim (Doc. No. 6), to order production of mail room records (Doc. No. 7), and for an order allowing access to a copier and notary (Doc. No. 8).

Under Federal Rule of Civil Procedure 15(a), a party may amend a complaint "once as a matter of course . . . before being served with a responsive pleading." Plaintiff filed his motion to amend prior to this Court's completion of the initial

screening of Plaintiff's complaint, and no responsive pleadings have been filed. Therefore, Plaintiff has the right to amend his complaint under Rule 15(a), his motion shall be granted, and his amended claims shall be considered during this preliminary screening.

## I. 28 U.S.C. § 1915A Standard

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or official to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., "the factual allegations are clearly baseless," "the legal theories are indisputably meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, _ U.S. _, _, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and

2

complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of a plaintiff's non-frivolous factual allegations, construing them favorably to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992). See also Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal").

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission (1) deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. See Chappell v. Rich,

3

340 F.3d 1279, 1282-84 (11th Cir. 2003). See also 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

**II.     Discussion**

Plaintiff brings this action against various officials associated with the Hall County Detention Center. (Doc. No. 1 ¶ III.) Plaintiff has submitted a five page statement of claim in which he complains that through Defendants' negligence he has been deprived of his property, in particular his eye glasses. (Doc. No. 1, Attach.) Plaintiff states that, because he is without his glasses, he has relied on others to help him write his complaint in this action and he is unable to see to work on his other pending legal cases. (Doc. No. 1, Attach. at unnumbered pages 2-3.) Although most of his complaint is devoted to the loss of his glasses, Plaintiff also mentions the "loss of [his] legal mail" (id. at unnumbered page 2), that his legal mail was opened on August 8 and/or 12, 2008 (id. at unnumbered page 4, 5), and that officers have attempted to influence him into dropping his law suit by offering to replace his property (id. at unnumbered page 5.) Plaintiff also contends that officers stole or lost (on purpose) his USA Today Paper[1] in retaliation for his filing a law suit and that his mail

---

[1] The attached grievance indicates that Plaintiff failed to receive four newspapers that were due to be delivered to him. (Doc. No. 6, Attach.)

4

sometimes "comes up miss[ing.]." (Doc. No. 6.) Plaintiff seeks damages and injunctive relief. (Doc. No. 1, Attach. at unnumbered page 6.)

The Due Process Clause protects persons against deprivations of "life, liberty, or property without due process of law." U.S. Const. Amends. V, XIV. However, allegations of unauthorized, whether negligent or intentional, deprivation of property do not state a procedural due process claim when an adequate state remedy exists to redress the deprivation. Hudson v. Palmer, 468 U.S. 517, 533 (1984). See also McKinney v. Pate, 20 F.3d 1550, 1563 (11th Cir. 1994) (stating that all due process requires is that the state provide a "post-deprivation 'means of redress'" that satisfies procedural due process.) The State of Georgia "has provided an adequate post deprivation remedy when a plaintiff claims that the state has retained his property without due process of law." Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987).

Prisoners also retain a fundamental constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 828 (1977). That right may be impinged by the deprivation of materials necessary to filing or prosecuting a direct appeal or collateral attack on a criminal conviction. Lewis v. Casey, 518 U.S. 343, 350-55 (1996). However, in order to maintain a claim of denied access to the courts, a plaintiff must allege that he has suffered actual harm by showing that "an actionable claim . . . which

5

he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented." Id. at 356.

The First Amendment protects freedom of speech. U.S. Const. amend. I. "Mail is one medium of free speech, and the right to send and receive mail exists under the First Amendment." Al-Amin v. Smith, 511 F.3d 1317, 1333 (11th Cir. 2008), petition for cert. filed, (May 27, 2008) (No. 07-1485). The First Amendment also protects the right to receive and possess newspapers. See Beard v. Banks, 548 U.S. 521, 543 (2006) (J. Stevens, dissenting). A prisoner retains these rights, balanced against prison security and administrative concerns. Turner v. Safley, 482 U.S. 78, 84-93 (1987). However, allegations of sporadic interference with incoming mail are insufficient to state a First Amendment claim. Rowe v. Shake, 196 F.3d 778, 782 (7th Cir. 1999). To state a First Amendment retaliation claim for engaging in protected speech, a plaintiff must allege that: "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)).

AO 72A
(Rev.8/82)

Here, on the deprivation of his property, Plaintiff fails to state a due process claim because Georgia provides an adequate post-deprivation remedy. To the extent Plaintiff attempts to raise an access to courts claim, that claim fails because (1) he fails to show that the act of opening his mail has harmed the prosecution of a pending legal action, (2) in light of his ability to obtain the assistance he needed to file this action, he fails to show how his lack of glasses is preventing him from prosecuting any other pending action,[2] and (3) he does not clearly allege any actual harm to a particular case. To the extent Plaintiff attempts to raise a First Amendment claim regarding his right to receive mail, his assertion that his mail sometimes "comes up miss[ing]," (Doc. No. 6), is insufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. _ U.S. at _, 127 S. Ct. at 1964-65. Further, this Court finds that Plaintiff's failure to receive a newspaper on four occasions is insufficient to state a First Amendment claim. See Rowe, 196 F.3d at 782. Additionally, Plaintiff's claim of retaliation fails because taking or purposely losing a few newspapers is not the type of conduct that "would likely deter a person of ordinary firmness from engaging" in protected speech. See Smith, 532 F.3d at 1276.

---

[2] Plaintiff has not alleged an interference with mail to or from his attorney, and that issue is not addressed. See Al-Amin, 511 F.3d at 1334 (holding that actual injury is not required for prisoner to state free speech claim arising from opening of attorney mail).

7

### **III. Conclusion**

For the reasons stated above, **IT IS ORDERED** that Plaintiff's motion to add statement of claim (Doc. No. 6) is **GRANTED** and that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's motions (1) to inspect entries in log books for Hall County Detention Center (Doc. No. 5), to order production of mail room records (Doc. No. 7), and for an order allowing access to a copier and notary (Doc. No. 8) are **DENIED** as moot.

**IT IS SO ORDERED** this  25th  day of September, 2008.

 RICHARD W. STORY
 UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)